# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN RE: ASBESTOS LITIGATION )
)
LISA ESTRADA, individually and as )
Fiduciary for the Estate of DONALD )
JORDONEK, deceased, )
)
       Plaintiff, )
)
       v. ) C.A. No.: N19C-01-100 ASB
) ASBESTOS
AMERICAN HONDA MOTOR CO., )
INC., et al., )
)
       Defendants. )

Submitted: April 19, 2023
Decided: April 25, 2023

## ORDER ON DEFENDANT HENNESSY INDUSTRIES LLC'S
## REQUEST TO CERTIFY AN INTERLOCUTORY APPEAL
## UNDER SUPREME COURT RULE 42
## DENIED

*Michael C. Dalton, Esquire,* Dalton & Associates, P.A., Wilmington, Delaware, and *Michael Collins Smith, Esquire,* Balick & Balick, LLC, Wilmington, Delaware, *Attorneys for Plaintiff.*

*Brian D. Tome, Esquire*, Reilly, McDevitt & Henrich, P.C., Wilmington, Delaware, *Attorneys for Defendant*

**JONES, J.**

This asbestos case is controlled by Ohio substantive law. It is alleged that Donald Jordonek was exposed to asbestos from a number of sources as a result of his work over a career as an automotive mechanic. It is further alleged that as a result of his asbestos exposure, Jordonek contracted and died from mesothelioma.

One of the defendants sued is Hennessy Industries, LLC ("Hennessy") in its capacity as the predecessor-in-interest to AMMCO Tools, Inc. ("AMMCO"). AMMCO manufactured brake lathes and grinders, among other products. There is record evidence that Jordonek worked with this AMMCO equipment while employed at the Goodyear Tire Service Center in Maple Heights, Ohio from 1972 to 1999.

The AMMCO equipment that Jordonek worked with did not contain asbestos. The theory of liability against AMMCO is that it designed and sold a machine whose function was to grind asbestos containing brake linings, and that the machine released asbestos dust when applied to the linings.

Hennessey moved for summary judgment maintaining, among other things, that under Ohio law there is no duty to warn on the part of Hennessey. In a March 28, 2023 oral ruling, this Court denied Hennessy's motion, finding that Ohio law would impose a duty on the part of Hennessy to warn. Hennessy then filed an opposed motion for reargument, which this court denied on April 11, 2023.

Now, Hennessy has filed the instant Motion for Certification of an Interlocutory Appeal to the Delaware Supreme Court which the plaintiff has opposed.

The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is analyzed under the criteria set forth in Supreme Court Rule 42(b). Rule 42(b)(1) states: "No interlocutory appeal will be certified by the trial

court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before final judgment." Rule 42(b)(ii) further cautions: "Interlocutory appeals should be exceptions, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources. Therefore, parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany interlocutory appeal."

Assuming the gating requirement of Rule 42(b)(i) has been satisfied, an application also must meet one or more of the eight factors set forth in Rule 42(b)(iii).

Rule 42(b)(iii) counsels: "After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interest of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."

The Court finds that its March 28, 2023 and April 11, 2023 decisions decide a substantial issue of material importance, but does not conclude that an appellate review before final judgment is necessary. The Court now turns to the eight criteria under Rule 42(b)(iii).

The Court starts with the three factors cited by Hennessy in support of immediate appellate review, which are Rule 42(b)(iii) (A), (G) and (H).

Hennessy cites Factor (A), maintaining that the interlocutory order involves a question of law to be resolved for the first time in this state. Hennessy is correct that the question presented would resolve a first impression question; however, the question

presented is not a question of *Delaware law*, but a question of Ohio law. While factor (A) does not, on its face, appear to limit the first impression issue to a Delaware issue, the fact that the issue is a first of impression issue of Ohio law, rather than Delaware law, makes this factor less important when factored in with all other factors.

Hennessy next invokes factor (G) and maintains that a decision by the Supreme Court would terminate the litigation. While this may be true as to Hennessy, there is at least one other defendant, Ford Motor Company, that will not be affected by the resolution of the instant decision.

In *In Re: Carvana Co. Stockholders Litig.*, Chancellor McCormick addressed this factor where the litigation would not terminate in its entirety, as in the instant case.[1] In *Carvana*, the Chancellor opined that factor (G) considers whether a successful interlocutory appeal would terminate the litigation in its entirety.[2] "Where, as here, the litigation against another litigant will continue regardless of the status of interlocutory appeal Factor G weighs against certification (or at best stands neutral on the issue)."[3] Here, as in *Carvana*, Factor G is, at best, neutral.

Next, Hennessy invokes factor (H). Hennessy maintains that the instant issue "may" well reach beyond the case in controversy. The instant issue would apply only to Hennessy, and only to those cases controlled by Ohio law. This Court has been provided with no evidence on the number of cases in Delaware involving Hennessy and the application of Ohio law and, as such, this argument is not persuasive.

---

[1] *In Re: Carvana Co. Stockholders Litig.*, 2022 WL 4661841 (Del. Ch. Oct. 3, 2022).
[2] *Id.* at 3.
[3] *Id.*

Finally, Hennessy argues that judicial economy and interests of justice are served by certification because a decision in its favor will save the trial expense and an appeal is likely by the losing party. This scenario exists in every case, and in this Court's view, is not a sufficient reason under factor (H) to grant Hennessy's application.

The Court has considered the remaining criteria cited in Rule 42(b)(iii) but not cited directly by Hennessy. Likewise, they do not support certification. After considering Hennessy's arguments, this Court finds no benefit to certification that could outweigh the costs of piecemeal litigation.

Wherefore, Defendant's Application for Certification of an Interlocutory Appeal is **DENIED**.

/s/ *Francis J. Jones, Jr.*
Francis J. Jones, Jr.

*Via: File & ServeXpress*